While the relator is entitled to preference in the civil service of the state (Const. art. 5, § 9; Laws 1909, c. 15 [Consol. Laws, c. 7] art. 2, § 21), even to the extent of being transferred to any position which he may be fitted to fill, if his former position has been abolished or made unnecessary, and the duty is imposed upon the officer having the appointing power to make such transfer effective (Laws 1909, c. 15 [Consol. Laws, c. 7] art. 2, § 22), the record is entirely silent as to whether any such place is open. The evidence is not returned. We have only the findings of the referee and the affidavits upon which the writ was issued; and, in the absence of any showing that there is a vacancy in some position or work for which the relator is fitted, he is not entitled to the writ directing his reinstatement in the State Engineer and Surveyor's department. It is incumbent upon the relator to show that there is such a vacancy. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 525, 66 N. E. 407. The appointing officer is not required to discharge other competent employés to make room for the relator.

The order denying the peremptory writ of mandamus should be affirmed, but, under the circumstances, without costs. All concur.

---

### In re DONNELLY'S WILL.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

WILLS (§ 82*)—SETTING ASIDE—GROUNDS—UNNATURAL DISPOSITION.

    A will by a widow, leaving all her property to a child who had lived with her for two years, for whom she evinced great affection, and who was treated as an adopted daughter, will not be set aside, where there were no suspicious circumstances attending the execution thereof, though no mention was made of testatrix's sisters, with whom she was not on intimate terms.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 203; Dec. Dig. § 82.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the probate of the last will of Mary E. Donnelly, deceased. From a decree admitting decedent's purported last will to probate, Elizabeth McGowan appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and CARR, JJ.

Thomas J. Farrell, for appellant.
Philip A. Brennan (Monte London, on the brief), for respondent.

WOODWARD, J. The decedent, Mary E. Donnelly, was a widow, aged 72 years. Anna Heins, a girl of about 15 years of age at the time testatrix died, had lived with her for a period of two years, and the contestant's own witness testifies that the decedent evinced a motherly fondness for this child. She had no children of her own, and her only next of kin were four married sisters, with families, and no intimacy was shown between any of them, with the possible exception of the appealing contestant, Elizabeth McGowan, who appears

to have attended her during her last sickness for some days, although she left several days before decedent passed on. Two or three days before her death, Mrs. Donnelly requested her nurse to call a Mr. Hammer, her landlord, and to ask him to procure some one to make a will for her. This was done, and Mr. Hammer brought a Mr. Flay, a notary public, who drew the will suggested by Mrs. Donnelly, and the same was duly executed in the presence of the three subscribing witnesses, giving all of her property to Anna Heins, who is referred to as an adopted daughter, though it does not appear that there was ever any formal adoption. The sisters of the deceased contested the probate of the will, and one of them brings the case here on appeal.

We fail to discover from the evidence any reason for disagreeing with the conclusion of the learned Surrogate's Court. It is true that the decedent was ill at the time the will was made, and that she died within a couple of days of the time of executing the will; but sick people—people in contemplation of immediate death—have a right to make wills, and there is not a single suspicious thing about this will, not an unnatural thing about it. Lizzie Riede, the executrix, was the janitress of the apartment where Mrs. Donnelly resided. She was not associated with Mrs. Donnelly, except in their relations as tenant and janitress, and had nothing to do with Mrs. Donnelly until the appellant went away and left her sister alone with the child, sick, and then the child called in Mrs. Riede to care for Mrs. Donnelly on the Saturday preceding the Sunday on which the will was made. Mrs. Donnelly asked to have Mr. Hammer get some one to draw a will for her. He did so, and when Mr. Hammer was asked to become executor he declined, and then the notary public asked Mrs. Riede to act in that capacity, and she consented. There is no suggestion of any collusion between any of these parties, no suggestion that Mr. Hammer or Mr. Flay was not honest, and there is absolutely no evidence that either Mrs. Riede or Anna Heins ever made any suggestion in reference to the contents of the will, or that any one made any such suggestion. The testimony is that Mrs. Donnelly was asked by the notary public what she wanted to do with her property, and that she replied, "All to Anna," and that she made a like reply to Mr. Hammer when he asked a similar question. The child, Anna, was there in her household, and was dependent upon her. Mrs. Donnelly had a motherly affection for her, and what more natural than that she should provide for her, as against her married sisters, with grown-up families, none of whom appear to have taken any special pains to be useful to her? If Mrs. Riede had appeared as a beneficiary, or if Mr. Hammer had thus appeared, it might be said that the facts were such as to require explanation; but here the action was exactly what might have been expected of a kindly old lady in respect to a child who was living in her home, and the witnesses to the will, who have no interest in the same, testify that she appeared to be of sound mind and prepared to dispose of her property.

The decree of the Surrogate's Court should be affirmed, with costs.

HIRSCHBERG, P. J., and RICH and CARR, JJ., concur. JENKS, J., not voting.